

**ORIGINAL**

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

# MEMO ENDORSED

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*





USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/08

**BY HAND**
The Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

Re:    *Ajaj v. MacKechnie et al.*, 07 Civ. 5959 (PKC) (DCF)

Dear Judge Castel:

I write respectfully to request that the Court schedule a pre-motion conference, pursuant to Your Honor's Individual Practices, to discuss the filing by the Government of a motion to dismiss the complaint in the above-referenced case. The Government intends to file a motion to dismiss in lieu of answering. I further respectfully request that the Court extend the Government's time to answer or move with respect to the complaint from February 11, 2008 to a date to be set at the conference. In the alternative, if the Court views a pre-motion conference as unnecessary, the Government requests that the Court set a briefing schedule. The Government is prepared to file a motion in a relatively short time frame, and – in the event the Court wishes to forgo a pre-motion conference – recommends February 20, 2008 as a due date for its motion.

Plaintiff Ahmad Mohammad Ajaj was convicted of several crimes related to the 1993 bombing of the World Trade Center. He was sentenced to 180 years in prison, and is currently incarcerated at the United States Penitentiary in Florence, Colorado. *See United States v. Salameh et al.*, 93 Cr. 00180 (KTD). *See also United States v. Salameh*, 152 F.3d 88 (2d Cir. 1998) (upholding plaintiff's conviction).

On June 22, 2007, plaintiff filed the instant lawsuit, naming Senior Circuit Judge John M. Walker, Jr. of the U.S. Court of Appeals for the Second Circuit and several employees of the Court of Appeals as defendants.[1] Plaintiff also named as a defendant his criminal defense counsel, Maranda E. Fritz. In a first amended complaint filed on October 17, 2007, plaintiff added claims against Chief Judge Dennis Jacobs, the United States of America, the Federal

---

[1] Plaintiff named former Clerk of the Court Roseann B. MacKechnie, Circuit Executive Karen Greve Milton, Deputy Clerk Patricia R. Chin-Allen, Ralph Obas, and former employees Arthur Heller, Tracy Young, and Jin Hui Chin.

Bureau of Prisons ("BOP"), and two BOP officials – John Vanyur and Harley Lappin.  The Government intends to move to dismiss the complaint as to the federal defendants.[2]

Plaintiff's claims stem from his appeal of the district court's denial of his motion for a new trial after conviction.  The Court of Appeals upheld the district court's decision on August 6, 2001.  *See United States v. Salameh et al.*, No. 99-1619, 2001 WL 881112 (2d Cir. 2001).  Plaintiff moved for rehearing, which the Court of Appeals denied on September 19, 2003.  *See United States v. Salameh et al.*, No. 99-1619 (order denying petition for rehearing).  Plaintiff claims that employees of the Court of Appeals failed to notify him that his petition for rehearing had been denied on September 19, 2003.  As a result, plaintiff claims, he was unable to file a timely petition for writ of certiorari and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255.  *See, e.g.,* First Amended Complaint ("Compl.") ¶¶ 39-41.

Plaintiff further alleges that the employees of the Court of Appeals acted unlawfully when they refused, on November 21, 2005, to vacate and reenter the Court of Appeals' denial of his motion for rehearing so that plaintiff could timely file – based on the requested reentry date – a petition for a writ of certiorari and a petition for a writ of habeas corpus.  *See* Compl. ¶ 51.  He also alleges that the federal defendants refused to provide him with a copy of the November 21, 2005 order, and that such refusal caused the Supreme Court to deny his petition for certiorari for failure to abide by Supreme Court Rule 14.1(i).  *See* Compl. ¶ 57.

Plaintiff claims that these actions of the Court of Appeals' employees violated his constitutional rights to due process and equal protection.  Plaintiff seeks money damages and declaratory relief.  With respect to declaratory relief, plaintiff seeks an order vacating the Court of Appeals' September 19, 2003 decision denying his motion for rehearing and reentering the decision, so that plaintiff may timely file a petition for a writ of certiorari and petition for writ of habeas corpus.  *See* Compl., Prayer for Relief, ¶ 11.

In addition, plaintiff claims that the BOP officials denied him his constitutional right of access to the courts.  Specifically, plaintiff claims that the BOP officials undertook a series of actions – such as denying him access to court docket information and legal research materials – that caused him to miss the deadlines to file a petition for a writ of certiorari and/or habeas corpus.  *See* Compl. ¶¶ 233-244.  Plaintiff seeks declaratory and injunctive relief for his claims against the BOP and BOP officials.  *See id.*

In addition, plaintiff claims that his defense counsel, Maranda Fritz, committed legal malpractice, and various other torts, in the handling of his appeal.  *See* Compl. ¶¶ 103-188.  He also claims that the federal defendants are legally responsible for the alleged malpractice by his defense counsel.  *See* Compl. ¶¶ 94-102.

The Government intends to move to dismiss the complaint as to the federal defendants.  The claims against Chief Judge Jacobs, Judge Walker, and the other employees of the Court of Appeals are barred by the doctrine of judicial immunity.  The judicial defendants have absolute immunity from civil liability for actions undertaken pursuant to their judicial authority and

---

[2] The Government does not represent plaintiff's defense attorney, Maranda Fritz.

2

power. *See Mireles v. Waco*, 502 U.S. 9, 11-13 (1991) (per curiam); *Forrester v. White*, 484 U.S. 219, 225-27 (1988). Judicial immunity extends not only to judges, but to other court personnel that assist in the performance of judicial functions. *See Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). Because the actions complained of in this lawsuit were undertaken by judicial personnel in the performance of the judicial function, the federal defendants are immune from suit.

The claims against the BOP and the BOP officials are also jurisdictionally deficient. It is well established that a federal agency is not liable for constitutional torts. *See FDIC v. Myer*, 510 U.S. 471, 483-86 (1994). Thus, plaintiff's suit against the BOP will not lie. With respect to plaintiff's claims against the BOP officials, plaintiff lacks standing to pursue those claims for prospective relief. Plaintiff's claims relate to past conduct – claims that the BOP caused him to miss his opportunity to pursue Supreme Court review and habeas relief. The Supreme Court has squarely held that a plaintiff lacks standing to pursue declaratory or injunctive relief based solely on claims of past unlawful conduct. *See, e.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 100-02 (1983).

For the reasons stated above, the Government respectfully requests that the Court schedule a pre-motion conference, and stay the Government's time to answer or move with respect to the complaint until a date to be set at the conference. In the alternative, the Government requests that the Court set a briefing schedule for the Government's motion to dismiss. The Government thanks the Court for its consideration of the request, and respectfully further requests that the Court direct this letter to be docketed as part of the record in this action.

Respectfully,

MICHAEL J. GARCIA
United States Attorney

By: _____
JOHN D. CLOPPER
Assistant United States Attorney
Telephone: (212) 637-2716
Facsimile: (212) 637-0033

cc:    BY MAIL
       Ahmad Mohammed Ajaj
       40637-053
       United States Penitentiary
       P.O. Box 8500
       Florence, CO 81226-8500

3