USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # __14 2008__
DATE FILED: 2/27/08

FEB 26 2008

**MEMO ENDORSED**

*All defendants in this action are advised to contact Chambers if they have not received copies of any submission referenced in Mr. AJAJ's letter.*

*SO ORDERED*
*2-27-08*

THE HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE
UNITED STATES COURTHOUSE
500 PEARL STREET, ROOM 2260
NEW YORK, N.J. 10007

RE: AJAJ V. MACKECHNIE, ET. AL., 07 CIV. 5959 (PKC)

DEAR JUDGE CASTEL:

I RESPECTFULLY REQUEST THE ASSISTANCE OF THIS HONORABLE COURT TO KNOW <u>HOW</u> I WILL BE ABLE TO COMPLY WITH FED. R. CIV. P. RULE 5 WHICH REQUIRES THAT I SERVE A COPY OF MY MOTIONS, LETTERS AND OTHER COURT PAPERS ON THE OTHER SIDE (DEFENDANTS) <u>WHEN</u> THE B.O.P STAFF ARE REFUSING TO MAKE COPIES OF MY LEGAL HANDWRITTEN MOTIONS, LETTERS, DOCUMENTS AND OTHER COURT PAPERS. (PLEASE, SEE EX. 1 AND EX. 2). IN SUPPORT FOR THIS REQUEST FOR ASSISTANCE OF THE COURT I STATE THE FOLLOWING:

    1. I AM <u>NOT</u> ALLOWED TO MAKE COPIES OF HANDWRITTEN LEGAL FORMS, DOCUMENTS, PLEADINGS, MOTIONS AND CORRESPONDENCE (PLEASE, SEE EX. 1-2).

    2. I AM ALLOWED ACCESS TO A MAXIMUM OF "30" SHEETS OF WRITING PAPER <u>WEEKLY</u> FOR ALL MY SOCIAL, LEGAL AND INSTITUTIONAL WRITING AND ITS VERY DIFFICULT TO OBTAIN

- 1 -

ADDITIONAL WRITING PAPER.

3. I AM ALLOWED ACCESS TO A MAXIMUM OF "10" SHEETS OF CARBON PAPERS AND SOME-TIMES TAKES DAYS TO BE ABLE TO EXCHANGE THE USED CARBON PAPERS WITH NEW ONES.

4. I AM NOT ALLOWED TO HAVE IN MY POSSESSION A BALL POINT PEN AND ONLY ALLOWED TO USE AN INK TUB "FLEX PENS" FOR ALL MY LEGAL AND PERSONAL WRITING.

5. THE INK TUBE "FLEX PEN" BENDS AND WOBBLES WITH THE SLIGHTEST PRESSURE AND THEREFORE ITS DIFFICULT TO MAKE SUFFICIENT CLEAR CARBON COPIES TO SERVE THE DEFEND-ANTS AND/OR THEIR ATTORNEYS. (PLEASE, SEE EX. 3).

6. TRYING TO WRITE WITH THE INK TUBE CAUSES MY HAND TO QUICKLY ACHE AND I AM SUFFERING FROM CHRONIC NUMBNESS OF MY HANDS AS A RESULT OF C5-6 DEGENERATIVE CHANGE.

7. I AM REQUIRED TO RE-WRITE AND MAKE NEW CARBON COPIES OF ANY PAGE THAT I WRITE THAT CONTAINS MAJOR ERRORS OR MISTAKES AS A RESULT IT TAKES ME COUNTLESS HOURS TO PREPARE AND COMPLETE A SIMPLE MOTION.

8. I AM NOT ALLOWED TO USE A TYPEWRITER NOR I AM ALLOWED TO HAVE ACCESS TO THE PHOTO-COPY MACHINE.

9. I AM UNABLE TO COMPLY WITH THE RULE REQUIRING ME TO SERVE UPON THE DEFENDANTS' ATTORNEY(S) A CLEAR COPY OF EVERY PLEADING, MOTION OR OTHER PAPER I FILE WITH THE COURT. SEE, e.g., TRAGUTH v. ZUCK, 710 F.2d 90, 95 (2d cir 1983)("IMPLICIT IN THE RIGHT OF SELF-REPRESENTATION IS OBLIGATION ON THE PART OF

THE COURT TO MAKE REASONABLE ALLOWANCES TO PROTECT PRO SE LITIGANTS FROM INADVERTENT FORFEITURE OF IMPORTANT RIGHTS BECAUSE OF THEIR LACK OF LEGAL TRAINING"), LABATT v. TWOMEY, 513 F.2d 641, 650 (7th cir. 1974)("INCARCERATED PRISONERS, PROCEEDING PRO SE, ARE BOUND AND LIMITED BY OFTEN RIGOROUS PRISON REGULATIONS..") NICKENS v. WHITE, 622 F.2d 967 (8th cir. 1980)("COURTS MUST BE SENSITIVE TO THE SPECIAL PROBLEMS FACED BY PRISONERS ATTEMPTING TO PROCEED PRO SE IN VINDICATING THEIR CONSTITUTIONAL RIGHTS").

10. THE U.S. DISTRICT COURT FOR SOUTH CAROLINA RELIEVED THE PLAINTIFF IN ANOTHER UNRELATED CASE FROM THE REQUIREMENT OF FED. R. CIV. P. RULE 5 AND ISSUED ORDER STATING THAT ("PLAINTIFF DOES NOT NEED TO SERVE DEFENDANTS WITH A COPY OF [HIS PLEADINGS) AS THEY WILL BE AVAILABLE TO DEFENDANTS THROUGH THE COURT'S ELECTRONIC FILING SYSTEM").

11. ON 10-23-2007, I SENT A LETTER TO THE HONORABLE DEBRA FREEMAN, U.S. MAGISTRATE JUDGE, RESPECTFULLY REQUESTING THAT THE DEFENDANTS BE SERVED WITH ALL PLAINTIFF'S PLEADINGS, MOTIONS AND CORRESPONDENCE WITH THE COURT VIA THE COURT'S ELECTRONIC FILING SYSTEM BUT TO THIS DAY JUDGE FREEMAN NOT RULED ON THIS REQUEST AND/OR NO ORDER SENT TO ME.

12. PLAINTIFF IS UNABLE TO FILE CERTAIN MOTIONS AND EXHIBITS RELATED TO THIS CASE UNTIL THIS

—3—

COURT REMOVE THESE OBSTACLES.

FOR THE REASONS STATED ABOVE, I RESPECTFULLY REQUEST THAT THIS HONORABLE COURT ISSUE AN ORDER REMOVE THE ABOVE MENTIONED OBSTACLES OR SCHEDULE TELEPHONE CONFERENCE HEARING TO ADDRESS THE ISSUE. FINALLY, I RESPECTFULLY REQUESTS THAT THE COURT DIRECT THIS LETTER TO BE DOCKETED AS PART OF THE RECORD IN THIS ACTION.

THANK YOU FOR YOUR CONSIDERATION OF THIS REQUEST.

RESPECTFULLY,

AHMED M. AJAJ
#40637-053
U.S. PENITENTIARY - MAX "ADX"
P.O. BOX 8500
FLORENCE, CO 81226-8500


cc: JOHN D. CLOPPER, ASSISTANT U.S. ATTORNEY (ONLY A CARBON COPY OF THE LETTER IS SERVED ON MR. CLOPPER WITHOUT THE EXHIBITS BECAUSE I AM NOT ALLOWED TO MAKE COPY OF HANDWRITTEN DOCUMENTS).

-4-