UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

AHMAD MOHAMMAD AJAJ,

                             Plaintiff,                      07 Civ. 5959 (PKC)

         -against-

                                            MEMORANDUM
                                          AND ORDER ON
                                          DISQUALIFICATION

ROSEANN B. MACKECHNIE, et al.,

                            Defendants.

-------------------------------------------------------------x

P. KEVIN CASTEL, U.S.D.J.

           Plaintiff Ahmad Mohammad Ajaj is presently incarcerated at the United States Penitentiary in Florence, Colorado, serving 114 year sentence following his conviction of several crimes related to the 1993 bombing of the World Trade Center.  United States v. Salameh, 152 F.3d 88 (2d Cir. 1998).   He has brought a civil suit against the present and immediate past Chief Judges of the United States Court of Appeals for the Second Circuit, members of the staff of that Court and his former attorney who had been appointed pursuant to the Criminal Justice Act.

           The First Amended Complaint spans 244 paragraphs and asserts 21 separate claims for relief.  Principally, plaintiff alleges that defendants deprived him of rights protected by the Constitution or federal law in failing to inform him that the United States Court of Appeals for the Second Circuit had denied his petition for rehearing and rehearing en banc.  He asserts that the Court and its staff, who notified his attorney of the ruling, should have known that his attorney was not adequately performing her responsibilities and would

not, in turn, inform him of the Court's ruling. This, he alleges, deprived him of the right to file a timely petition for a writ of certiorari to the United States Supreme Court and a timely petition for a writ of habeas corpus.

Plaintiff moves to disqualify the undersigned and transfer the action to another district outside of the Second Circuit. In support, he asserts by declaration that the conduct of judges and Court staff at both the Circuit and district court level will be at issue in this case and that the Chief Judge exercises certain supervisory power over judges of other courts within the Circuit, including this Court. He further alleges that it will be more difficult to find an attorney willing to take the case if it remains pending in this Court. He also asserts that there will be bias against him because of the "second attack" on the World Trade Center.

Plaintiff relies upon 28 U.S.C. § 455 as the basis for his "transfer" request. Subdivision (a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Subdivision (b)(1) provides that the judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

Where a ground for disqualification is established, the judge should step aside. "[T]he test to be applied is an objective one which assumes that a reasonable person *knows and understands all the relevant facts.*" In re Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1313 (2d Cir. 1988) (citation omitted)(emphasis in the original). "In deciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case." Id. at

1312.  "A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." Id.

   The 1993 and 2001 attacks upon the World Trade Center are matters of common knowledge.  The undersigned is generally familiar with the trial relating to the 1993 bombing and the post-trial proceedings, but did not recall knowing anything of Mr. Ajaj's role until reading the filings in this case.  The conduct of the non-party district judge presiding over the trial is tangential to the issues presented in this action.  The decision of the Second Circuit, which lies at the heart of this case, was issued prior to the undersigned having become a district judge on November 4, 2003.  United States v. Salameh, No. 99-1619 (2d Cir. Sept. 19, 2003).

   The claims against the judicial officers and staff of the Second Circuit relate to the performance of their official duties and not to any extra-judicial activities.  The powers of the Chief Judge of the Circuit over a judge of a district court are limited, defined by statute and rule, and, in all events, may not be exercised in an arbitrary fashion.  Article III of the Constitution grants tenure to a district judge during good behavior.

   Under the circumstances, a reasonable person fully apprised of all the facts and circumstances would not conclude that the undersigned's impartiality may be reasonably questioned or that the undersigned has personal bias or prejudice against the plaintiff.

Plaintiff's "Motion . . .to transfer this case to another district court out of the

Second Circuit Courts [sic] pursuant to 28 U.S.C. § 455" (Docket Entry # 50) is denied.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        July 21, 2008