SDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/21/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
AHMED MOHAMMED AJAJ,
:
                        Plaintiff,                07 Civ. 5959 (PKC)(DF)
:
      -against-                          **MEMORANDUM AND**
:                 **ORDER**
ROSEANN B. MACKECHNIE, et al.,
:
                       Defendants.
:
------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

Following his trial and conviction of federal terrorism charges, *pro se* plaintiff Ahmed Mohammed Ajaj ("Plaintiff") commenced this action against the United States, certain judges of the United States Court of Appeals for the Second Circuit, various members of the Clerk's office of that court, the Bureau of Prisons and certain of its officers, and his former appointed counsel, claiming, *inter alia,* that defendants had discriminated against him as an Arab, a Palestinian, and a Muslim, effectively depriving him of his right to seek certain types of post-conviction relief. (*See* First Amended Complaint, dated Oct. 9, 2007 ("Am. Compl.") (Dkt. 17).) By Memorandum and Order dated August 4, 2008, the Court (Castel, J.) granted defendants' motions to dismiss the Amended Complaint, except to the extent that Plaintiff had pleaded claims under 42 U.S.C. §§ 1981, 1985, and 1986 against his former attorney, Maranda Fritz, Esq. ("Fritz"). (*See* Memorandum and Order, dated Aug. 4, 2008 ("8/4/08 Order") (Dkt. 57), at 12.) As to those claims, as set out in the Fourth, Fifth, and 16th Causes of Action, the Court noted that Fritz "ha[d] not adequately supported her argument in support of dismissal." (*Id.*)

1

Currently before this Court is Plaintiff's application, dated April 2, 2008 (Dkt. 35), for the Court to request counsel to represent him in this action. For the reasons discussed below, the application is granted.

## BACKGROUND

Plaintiff is currently incarcerated at the United States Penitentiary in Florence, Colorado, where he is being held in isolation while serving a 114 year sentence following his conviction of several crimes related to the 1993 bombing of the World Trade Center. *United States v. Salameh*, 152 F.3d 88 (2d Cir. 1998). In the claims that have survived Defendants' motions to dismiss, Plaintiff alleges, *inter alia,* that Fritz (1) "[w]rongfully and intentionally conceal[ed] information crucial to Plaintiff's ability to obtain redress through the courts, preventing the Plaintiff from filing a timely petition with the U.S. Supreme Court and a habeas corpus petition" (Am. Compl., ¶ 88); (2) "[a]cted with personal malice toward Plaintiff because of Plaintiff's race, nationality, and political and religious beliefs" (*id.,* ¶ 90) ; (3) "deprive[d] Plaintiff of equal protection of the law and access to the courts and information" (*id.,* ¶ 94); (4) "concealed . . . orders and other information crucial to Plaintiff's ability to obtain redress through the courts" (*id.* at 96); and (5) failed to disclose a conflict of interest with the Plaintiff (*id.* at ¶ 97), all of which allegedly caused Plaintiff permanent injury (*see id.* at ¶ 102; *see also id.* at ¶¶ 103-09; 197-99).

On April 2, 2008, Plaintiff filed an application with the Court to request counsel on his behalf. (*See* Application for the Court to Request Counsel, dated Apr. 2, 2008 ("Counsel Application"), and attached Declaration, titled "Plaintiff's Motion and Declaration for the Appointment of Counsel Due To Exceptional Circumstances and Complex Legal and Factual

2

Issues," dated Apr. 2, 2008 ("Ajaj Decl.") (together, Dkt. 35).) In support of his application, Plaintiff asserts that his case – at least as originally pleaded against all of the initially-named defendant – is legally and factually complex (*see* Ajaj Decl. at ¶ 1); that, because he is isolated, he has inadequate access to legal materials and lacks the ability to gather evidence, to interview witnesses, or to secure the assistance of an expert witness (*see id.* at ¶¶ 3-5); that prison officials have limited his access to the law library, to prison paralegals and others who might be able to assist him in legal matters, and even to writing materials (*see id.* at ¶ 7); and that, without an attorney, it is unlikely that he will be unable to depose witnesses or otherwise obtain necessary evidence through the discovery process (*see id.* at ¶ 8). He also states that he has made substantial efforts to find an attorney on his own, but has been unsuccessful, and he documents this with copies of rejection letters that he has received from attorneys, in response to his requests for representation. (*See id.* at ¶ 13, at Ex. 3.)

## DISCUSSION

Unlike criminal defendants, indigents and prisoners filing civil actions have no constitutional right to counsel. *Barzey v. Daley*, No. 99 Civ. 11917 (BSJ) (KNF), 2000 WL 959713 (S.D.N.Y. Jul. 11, 2000). Under 28 U.S.C. § 1915(e)(1), however, the Court may request an attorney to represent any person who is unable to afford counsel. In this case, Plaintiff has already demonstrated that he is unable to afford counsel; his application to proceed *in forma pauperis* was granted on June 22, 2007. (*See* Dkt. 1.)

"In deciding whether to appoint counsel, . . . [a] district [court] should first determine whether the indigent's position seems likely to be of substance." *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir.

1986)). In order to make such a determination, the Court must decide whether, "from the face of the pleading[s]," *Stewart v. McMickens*, 677 F. Supp. 226, 228 (S.D.N.Y. 1988), the claims asserted by the plaintiff "may have merit," or the plaintiff "appears to have some chance of success." *Baskerville v. Goord*, No. 97 Civ. 6413 (BSJ) (KNF), 2001 WL 527479, at *1 (S.D.N.Y. May 16, 2001) (quotation marks and citations omitted); *see also Hodge*, 802 F.2d at 60-61. While the Court should not appoint counsel "indiscriminately" just because an indigent litigant makes such a request, it is not necessary for the plaintiff to demonstrate that his claims will survive a motion to dismiss or a motion for summary judgment; rather, the Court must only find that the claims satisfy a "threshold showing of merit." *Hendricks*, 114 F.3d at 393-94.

In this case, although the Court has dismissed most of Plaintiff's claims, three of his claims against Fritz survived Defendants' initial motions to dismiss, as noted above. Thus, regardless of whether Plaintiff will ultimately be able to prevail on these remaining claims, this Court cannot conclude, at least on the face of the complaint, that these claims have no chance of success. Accordingly, the Court finds that Plaintiff has satisfied the requirement that he make a "threshold showing of merit." *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170 (2d Cir. 1989).

Where a plaintiff satisfies the threshold requirement of demonstrating that his position may have merit, the Court should go on to consider: (1) the plaintiff's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder; (3) the plaintiff's ability to present the case; (4) the complexity of the legal issues; and (5) any special reason in the case why appointment of counsel would be more likely to lead to a just determination. *See Hodge*, 802 F.2d at 61-62; *see also Hendricks*, 114 F.3d at 394-95 (citing *Hodge*). The Court should also consider whether the

plaintiff has attempted to obtain a lawyer, and whether a lawyer is available to assist the plaintiff. *See Cooper*, 877 F.2d at 172.

In this case, Plaintiff's ability to investigate the facts relevant to his claim will likely be limited because he is incarcerated. *Hendricks*, 114 F.3d at 394 ("Throughout the case [plaintiff] has been incarcerated . . ., severely limiting his ability to investigate and present the crucial facts in what appears to be a fact-intensive case."). Even beyond the fact that he is incarcerated, Plaintiff has represented that he is being held in isolation, in a maximum security facility, and that, as a result, he is facing significant restrictions in his ability to access legal materials and to obtain help from law library personnel and others in the prison who might otherwise be available to assist him. He has also represented that he is likely to face difficulties obtaining access to witnesses and developing the evidence he will need to prosecute his claims. Although, to date, Plaintiff has been able to articulate his positions clearly and to submit detailed and thorough legal papers, the nature of his current confinement does raise real questions as to how well he will be able to present witness testimony and other evidence as his case goes forward. Moreover, although this case has been simplified as a result of the Court's recent ruling on Defendants' motions to dismiss, the claims that remain are not typical for prisoner litigation, and appear to be somewhat complex. Finally, Plaintiff has demonstrated that he has repeatedly made attempts at obtaining counsel on his own, without success.

In light of these circumstances and having considered the factors set out in *Hendricks* and *Hodge*, the Court finds that it would be reasonable and appropriate to grant Plaintiff's application for the Court to request counsel to represent him in this case.

## CONCLUSION

For all of the above reasons, Plaintiff's application for the Court to request counsel (Dkt. 35) is granted. The *Pro Se* Office for this judicial district is therefore directed to request *pro bono* counsel for Plaintiff, in accordance with the *pro bono* panel's procedures.

Dated: New York, New York
       August 20, 2008

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge