UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

AHMED MOHAMMAD AJAJ,

                              Plaintiff,

    -against-

MARANDA E. FRITZ,

                              Defendant.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/11

07 Civ. 5959 (DF)

**MEMORANDUM
AND OPINION**

By motion dated May 9, 2011 (Dkt. 129), *pro se* plaintiff Mohammed Ajaj ("Plaintiff") sought reconsideration of the Court's March 16, 2011 Memorandum and Opinion ("3/16/11 Opinion") (Dkt. 140), by which the Court had dismissed Plaintiff's claims against defendant Maranda Fritz ("Fritz") under 42 U.S.C. §§ 1981, 1985, and 1986, as pleaded in the Second Amended Complaint. The basis of the Court's March 16th decision was that Plaintiff had not alleged circumstances giving rise to a plausible inference that Fritz had acted with discriminatory intent. (*See id.*) On May 18, 2011, the Court granted Plaintiff's motion to reconsider the dismissal, recognizing that, by assuming that Plaintiff's claims were all based on charges of discrimination, the Court had overlooked the possibility that Plaintiff was seeking to assert a claim under the first clause of Section 1985(2), which does not require discriminatory intent. (Order, dated May 18, 2011 ("5/18/11 Order") (Dkt. 150).) In connection with its Order granting reconsideration, the Court directed Fritz to file a supplemental memorandum of law addressing the legal issues raised by Plaintiff regarding his purportedly-asserted claim under Section 1985(2) and his related claim under Section 1986, and permitted Plaintiff to file a reply to this supplemental briefing. (*See id.*)

Now, having reviewed Defendant's supplemental briefing (*see* Memorandum of Law in Support of Motion to Dismiss Plaintiff's Claims under 42 U.S.C. 1985(2) and 1986, dated July 7, 2011 ("Def. Mem.") (Dkt. 158)) and Plaintiff's reply (*see* Opposition to Defendant Fritz's Third Motion to Dismiss Plaintiff's Claims under 42 U.S.C. Sections 1985(2) and 1986 and Request for Oral Argument, dated Oct. 12, 2011 ("Pl. Mem.") (Dkt. 165)),[1] the Court vacates its prior decision to the extent it ordered dismissal of all of Plaintiff's Section 1985 and 1986 claims for lack of a plausible pleading of discriminatory intent. Nonetheless, for the reasons stated below, the Court adheres to its decision that Plaintiff's Section 1985 and 1986 claims must be dismissed, as Plaintiff has not, in any event, alleged the elements that would be necessary to state a claim under Section 1985(2). As the Court does not disturb its prior ruling dismissing Plaintiff's Section 1981 claim (and dismissing his Section 1985 and 1986 claims to the extent they are based on charges of discrimination), the Second Amended Complaint is hereby dismissed in its entirety.[2]

## BACKGROUND

The factual background underlying Plaintiff's allegations is summarized in detail in the Court's March 16, 2011 Memorandum and Opinion (*see* 3/16/11 Opinion, reported at *Ajaj v. Fritz*, No. 07 Civ. 5959 (DF), 2011 WL 924213 (S.D.N.Y. Mar. 16, 2011)), familiarity with which is assumed.

---

[1] The Court notes that, although Plaintiff styles his briefing as an opposition to a third motion to dismiss, the briefing is properly deemed a reply to Defendant's supplemental briefing related to the second motion to dismiss Plaintiff's Section 1985(2) and 1986 claims. (*See* 3/16/11 Opinion, at 1-2; 5/18/11 Order.)

[2] In his reply brief, Plaintiff raises arguments unrelated to his Section 1985(2) and 1986 claims. (*See generally* Pl. Mem.) The Court notes that such arguments fall outside the scope of the May 18th Order and declines to address them. (*See* 5/18/11 Order)

## DISCUSSION

The standards for reviewing a motion to dismiss a pleading pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are also set out in the Court's March 16th decision, and thus will not be restated here. (*See* 3/16/11 Opinion.) For purposes of reviewing this prior decision, the Court turns only to aspects of Section 1985(2) that the Court had not fully considered.

Section 1985(2) contains two clauses prohibiting distinct conspiratorial conduct. The first clause prohibits interference with federal court proceedings, while the second clause prohibits interference with state court proceedings, with the intent to deny an individual equal protection of the laws. *See* 42 U.S.C. § 1985(2); *Keating v. Carey*, 706 F.2d 377, 379 (2d Cir. 1983). In this instance, as Plaintiff was tried and convicted federally, and as he complains that he was denied access to federal court process, he is apparently seeking to invoke the first clause of subsection (2).[3] (*See generally* 2d Am. Compl.; *see also id.*, at ¶¶ 19-121 (first cause of action).) The first clause, as noted above, does not require a showing of discrimination based on the plaintiff's membership in a protected class. *See* 42 U.S.C. § 1985(2); *see Zemsky v. City of New York*, 821 F.2d 148, 151 n. 4 (2d Cir. 1987) (stating that the first clause, which "prohibits conspiracy to interfere with federal court proceedings, does not require a showing of class-based discrimination").

To state a claim under the first clause of Section 1985, however, a plaintiff must plead a conspiracy between two or more persons to: (1) "deter, by force, intimidation, or threat, any

---

[3] Defendant argues that the second clause of Section 1985(2), which requires discriminatory intent, applies to Plaintiff's allegations. (*See* Def. Mem., at 3-5.) The Court notes that in her briefing, Defendant misquotes the second clause by omitting the statutory language that limits the provision's applicability to state court proceedings. (*See id.*, at 3.)

3

party or witness . . . from attending [federal] court, or from testifying to any matter pending therein, freely, fully, and truthfully"; (2) "injure such party or witness in his person or property on account of his having so attended or testified"; (3) "influence the verdict, presentment, or indictment of any grand or petit juror in any such court"; or (4) "injure such juror . . . on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror." 42 U.S.C. § 1985(2). Plaintiff has failed to allege facts capable of establishing a claim under any of these four alternative prongs.

First, Plaintiff does not allege that Fritz sought to deter him or any witness "by force, intimidation, or threat" from attending or testifying in court. While Plaintiff does allege that Fritz conspired with others to conceal from him the fact that he had exhausted his criminal appeals in the Court of Appeals – and, by such concealment, to prevent him from filing timely petitions for certiorari, habeas corpus, and other relief (*see generally* 2d Am. Compl.; *see id.* at 1 (incorporating 1st Am. Compl. (Dkt. 17))) – concealment does not constitute deterrence by "force, intimidation, or threat," as proscribed by the initial clause of Section 1985(2). *See Dooley v. Reiss*, 736 F.2d 1392, 1396 (9th Cir. 1984) (finding that plaintiff failed to state a claim under the first clause of Section 1985(2) because the alleged concealment of evidence "did not influence or seek to influence a juror by force, intimidation, or threat"); *Guzman v. Van Demark*, 651 F. Supp. 1180, 1185 (C.D. Cal. 1987) (finding that "no cause of action can be stated under the first clause of section 1985(2) because the alleged interference [withholding and destruction of evidence by police] was not caused by force, intimidation or threat"). Second, Plaintiff has not alleged that Fritz conspired to injure him or any witness for having attended federal court or for having testified in federal court. Third, Plaintiff does not allege that Fritz conspired to influence the verdict, presentment or indictment of any grand or petit juror, and, fourth, he does

4

not allege that Fritz conspired to injure a juror in connection with any such proceeding. Thus, any claim that Plaintiff may be seeking to allege under the first clause of Section 1985(2) must fail.[4]

As Plaintiff fails to state a claim under Section 1985, his Section 1986 claim fails as well.[5] *See White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) (finding that plaintiff's Section 1986 claim necessarily failed where plaintiff failed to state a claim under Section 1985); *Wang v. Miller*, 356 F. App'x 516, 519 (2d Cir. 2009) (stating that "Section 1986 claims are contingent upon a valid Section 1985 claim" and affirming dismissal of Section 1986 claims where plaintiff failed to allege sufficient facts to support a Section 1985 claim); *see also Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 222 n. 28 (1970) (stating that Section 1986 provides "a remedy against individuals who share responsibility for conspiratorial wrongs under § 1985 by failing to make reasonable use of their power to prevent the perpetration of such wrongs").

---

[4] The Court notes that there may also be defects in Plaintiff's pleading with respect to his allegations of "conspiracy," although the Court need not reach that question, given his failure to plead any facts that would bring his Section 1985 claim within any one of the prongs set forth above.

[5] Given that Plaintiff's Section 1986 claim fails for the reason stated above, the Court need not reach the remaining arguments related to this claim. (*See* Pl. Mem., at 9-13.)

## CONCLUSION

For the foregoing reasons, the Court vacates, in part, its March 16, 2011 ruling (Dkt. 140), as set forth above, but adheres to its ultimate conclusion that Plaintiff's remaining claims in this action must be dismissed in their entirety. The Second Amended Complaint is therefore dismissed with prejudice, and the Clerk of the Court is directed to close this case on the Court's Docket.

Dated: New York, New York
October 27, 2011

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Mr. Ahmed Mohammad Ajaj
Reg # 40637-053
U.S. Penitentiary Marion
P.O. Box 1000
Marion, IL, 62959

Khardeen Shillingford, Esq.
Hinshaw & Culbertson LLP
780 Third Avenue, 4th Floor
New York, NY 10017